PARMELIA M. LENOX, Defendant in Error, *v.* JOSEPH H. LIVINGSTON, Plaintiff in Error.

1. *Dower, statute touching — Appointment and continuance of commissioners.* — Under the statute relating to dower (Wagn. Stat. 544, § 29), when the first report made by the commissioners for its admeasurement was rejected, and one of the commissioners failed or refused to act, the court might properly appoint another in his stead, and continue the other two in office, for the purpose of again assigning dower, without a re-appointment.

2. *Dower, commissioners appointed to determine — Action of, can not be interfered with, when.* — The commissioners appointed for the admeasurement of dower are the proper persons to determine as to what portion of the land of the deceased should be assigned, and, in the absence of testimony showing that they abused their discretion, their action can not be interfered with.

### *Error to First District Court.*

*Taussig & Kellogg*, for plaintiff in error.

I. The two commissioners, Dyer and Wilson, not having been re-appointed, and having made a report in pursuance of their first appointment, could not again act and report. This is a statutory proceeding; the law is explicit that the report of commissioners must fail of approval before the commissioners can again proceed. (Gen. Stat. 1865, ch. 130, p. 523, § 29; Shore v. Coons, 24 Mo. 556.)

II. It was error to overrule the defendant's exceptions to the last report of the commissioners without allowing defendant to adduce evidence in support of his exceptions. (Adams v. Adams, 8 N. H. 82; Hawkins v. Hall, 2 Bay, 449; Scribner on Dower, 707, § 12; Chapman v. Schroeder, 10 Ga. 328; McCormick v. Taylor, 5 Ind. 436; Stiner v. Cawthorn, 4 Dev. & Bat., N. C., 500; Eagles v. Eagles, 2 Hayw. 181; Murphy v. Murphy, 1 Mo. 741; Spitts v. Wells, 18 Mo. 468; Wainwright v. Rowland, 25 Mo. 53; Papin v. Blumenthal, 41 Mo. 440.)

*Bland & Bland*, and *Ewing & Smith*, for defendant in error.

I. No order containing the appointment of Dyer and Wilson was necessary; they continued to be commissioners until discharged by the court. (Gen. Stat. 1865, ch. 130, § 29.)

II. It is the province of the commissioners, and exclusively their province, to say what portion of the lands the widow shall have, and to set off.

WAGNER, Judge, delivered the opinion of the court.

This was a suit instituted by the defendant, the object and nature of which was to obtain the assignment of dower in certain

lands previously owned by her deceased husband. Upon an issue framed, judgment was regularly given that she was entitled to dower in the premises described, and the court appointed commissioners to proceed to admeasure and assign the same. The first report made by the commissioners was rejected and set aside by the court, and one of the commissioners failing or refusing to act, the court appointed another in his stead. The three commissioners then having been duly qualified, entered upon the performance of their duty, and at the next succeeding term filed their report, assigning dower to the respondent.

It is insisted here that the court erred in appointing a new commissioner and continuing the other two. But the statute expressly provides that the court may at any time discharge any of the commissioners and appoint others in their stead, and may supply any vacancy which may happen by death, resignation, or refusal to act on the part of any of the commissioners. (1 Wagn. Stat. 544, § 29.) When, therefore, the commissioner refused to act, it was within the strict province of the court to supply his place by the appointment of another.

The principal objection, however, urged against the action of the court below, is its refusal to sustain certain exceptions made by the appellant against the report when it was received and filed. The exceptions contain no charges of any fraud, partiality, or misconduct on the part of the commissioners, but complained that dower should have been assigned by them in different land, and that the report is prejudicial to the interests of the appellant. The commissioners were the proper persons to determine this matter as to what part of the land should be assigned, and, in the absence of testimony showing that they abused their discretion, their action can not be interfered with. The appellant rested his whole case upon his simple allegations. He did not introduce, or offer to introduce, any evidence whatever in support of his charges. No court would have been justified in setting aside an official report made by men in the performance of an official duty, and acting under the sanction of an oath, on the unsustained assertions of an interested party.

Judgment affirmed. The other judges concur.